UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONI L. RICHARDS,<br><br>            Plaintiff,<br><br>  v.<br><br>HEALTHCARE RESOURCES GROUP, INC., a Washington corporation; CRYSTAL LARSEN and JOHN DOE LARSEN, and the marital property comprised thereof; and CANDICE NELSEN and JOHN DOE NELSEN, and the marital community comprised thereof,<br><br>            Defendants. | NO: 2:15-CV-134-RMP<br><br>ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Joint Motion for Agreed Protective Order, **ECF No. 29**. The Court has reviewed the motion and is fully informed.

The Court finds good cause to issue the requested Protective Order. Accordingly, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Entry of Protective Order, **ECF No. 29**, is **GRANTED**. The parties shall abide by the following terms which the parties have supplied:

ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER ~ 1


## 1. PURPOSES AND LIMITATIONS

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential Information, and that may be subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns claims of disability discrimination and wrongful discharge, which are disputed. The parties expect to exchange documents and information relating to personal and private medical information, proprietary information and financial information among other confidential materials. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information. The parties acknowledge this agreement is consistent with Fed. R. Civ. P. 26(c). It does not confer blanket protection on all disclosures or responses to discovery; rather, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. "CONFIDENTIAL" MATERIALS

"Confidential" material shall include, but is not limited to, the following documents and tangible things produced or otherwise exchanged:

a) Plaintiff Toni Richards medical record;

b) Income tax returns of Toni Richards;

c) Income tax returns of Health Care Resource Group;

d) Financial books and statements of Health Care Resource Group;

e) Health Care Resource Group's proprietary information and financial information, including, without limitation, information regarding revenues, costs, expenses, profits, and losses of Health Care Resource Group and Health Care Resource Group's business systems and operation;

f) Information about Health Care Resource Group employees;

g) Proprietary employment policies and procedures of Health Care Resource Group;

h) Other propriety information of Health Care Resource Group;

i) The results and contents of any forensic inspection of Ms. Richards' mobile phone;

j) Information regarding or involving Health Care Resource Group's customers or competitors.

3. SCOPE

Confidential material may be used and disclosed only for the purposes of this litigation. A receiving party may use the above listed confidential material that

is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise; information that the receiving party can show was obtained (without any benefit or use of confidential material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; or information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's confidential material.

    4.  Before any portions of documents or other materials deemed "Confidential" are filed with the Court, the Parties, through their respective counsel of record, shall attempt to resolve any dispute over the confidentiality of the materials including whether redaction is a viable alternative to filing under seal. If the parties

ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER ~ 4

are unable to agree on the level of confidentiality warranted for the designated materials, they shall be filed under seal. If a party wishes to file a confidential document with the Court and cannot reach the opposing party to confer, the party filing the document must file under seal.

If the party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If anon-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court, in its discretion, may order the document unsealed. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

Each party reserves the right to dispute the confidential status claimed by any other party in accordance with this Protective Order. If a party believes that any document or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve

ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER ~ 5

the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

5. <u>TERMINATION AND DESTRUCTION OF CONFIDENTIAL DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must destroy or return all confidential material to the producing party, including all copies, extracts and summaries thereof. If documents are destroyed, written notice shall be given to the producing party.

Notwithstanding this provision, counsel are entitled to retain one archival copy of the entire case file, to include all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, medical records, financial information, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material; and counsel may retain confidential material electronically saved, including information attached to emails and/or stored in counsel's email systems consistent with its customary retention and security practices associated with electronically saved information.

ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER ~ 6

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 22nd day of February, 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge